IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.   CCB-98-0210 |
| ANDRE ADDISON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>MEMORANDUM</u>

On March 13, 2000, after a jury trial, Andre Addison was found guilty of Counts One, Two, and Four of the third superseding indictment (ECF 178) which charged him with a narcotics conspiracy and causing the murder of another person. (ECF 63). On November 3, 2000, he was sentenced to three concurrent life terms in prison. (ECF 230).

His conviction was affirmed on appeal (ECF 291; *United States v. Ray*, 61 F. App'x 37, 41 (4th Cir. 2023)), and a subsequent motion to vacate under 28 U.S.C. § 2255 was denied (ECF 317).

On March 17, 2022, representing himself, Mr. Addison filed a motion for compassionate release. (ECF 418). Represented by appointed counsel, he later filed a supplement (ECF 428), which the court will consider in place of ECF 418. In that supplement, Mr. Addison requested a reduction in his sentence to 30 years.[1] The government filed an opposition, arguing that no reduction was warranted (ECF 432), and Mr. Addison filed a reply (ECF 433). All arguments have been considered, and for the reasons stated below, the motion will be granted in part. Mr. Addison's sentence will be reduced to 35 years.

---

[1] The court also has considered the supplement filed April 18, 2023 (ECF 429) and the correspondence filed May 10, 2023 (ECF 430).

Evaluating a motion for compassionate release involves a two-step analysis. *United States v. Centeno-Morales*, 90 F4th 274, 279 (4th Cir. 2024). First, the defendant must show that "extraordinary and compelling reasons" warrant his release. *Id.* (quoting *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022); 18 U.S.C. § 3582(c)(1)(A)(i)). If that burden is met, the court must then evaluate the sentencing factors set forth in 18 U.S.C. § 3553(a). *Centeno-Morales*, 90 F.4th at 279.

Mr. Addison's primary argument for compassionate release is the length of his sentence—three concurrent life terms—which he contends is not only unreasonably disparate from those of his co-defendants but also significantly longer than the sentence he likely would receive if convicted of the same crimes today. There are reasons, however, to distinguish Mr. Addison's sentence from some of his codefendants' sentences, i.e., cooperation at trial, acceptance of responsibility, and success on appeal, meaning any disparity is not "unwarranted." The court does agree, however, that there has been a significant change in the law since Mr. Addison was sentenced, and the length of his sentence is disproportionate to the sentencing practices of today. To begin, the guidelines are now advisory rather than mandatory. While Mr. Addison's guidelines still would permit a life sentence, they no longer require it. *See United States v. Johnson*, No. ELH-99-352, 2023 WL 7130950, at *1, *14 (D. Md. Oct. 27, 2023) (reducing life sentence to 35 years in case involving drug trafficking and murder); *see also* ECF 661 in *United States v. Holland*, No. GLR 96-399 (D. Md. Aug. 18, 2021) (reducing life sentence to 35 years); *Brown v. United States*, No. ELH-00-100, 2020 WL 1248950, at *10 (D. Md. Mar. 16, 2020) (reducing life sentence to 40 years); *United States v. Williams*, No. CCB-07-402, 2021 WL 3725435, at *3 (D. Md. Aug. 23, 2021) (reducing life sentence to 30 years).

The current guidelines policy statement (U.S.S.G. § 1B1.13) provides:

> [T]he court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
> (1)   (A) Extraordinary and compelling reasons warrant the reduction; or
>          (B)  The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison . . . ;
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). Mr. Addison is not yet 70, but he has served over 25 years and there has been a change in law. The discrepancy between a life sentence and the present range of likely sentences is sufficient to constitute an extraordinary and compelling reason for compassionate release.

Demonstrating an extraordinary and compelling reason, however, does not entitle a defendant to early release. The court must consider the factors under 18 U.S.C. § 3553(a), *Centeno-Morales*, 90 F.4th at 279. Mr. Addison's offense was quite serious. He was the head of a substantial drug conspiracy involving several murders, and he was charged with responsibility for causing at least two of them. ECF 63; *see also United States v. Ray*, 61 F. App'x 37, 42 (4th Cir. 2003).

On the one hand, the need to reflect the seriousness of the offense, to provide deterrence and just punishment, and to promote respect for the law argues against too great a reduction in his sentence. On the other hand, Mr. Addison is now 54 years old; as of November 30, 2021, he had "maintained clear institution conduct since July 27, 2016"; and BOP considers him to be at a low risk for recidivism. ECF 418-3, at 2; 428-3, at 2, 4.[2] He has support from family and friends and a plan for employment. ECF 418, at 31 ("[I]f released, Addison would pursue jobs in carpentry,

---

[2] At the time of the offense, he was in his mid-twenties.

3

plumbing, electrical and brick masonry or janitorial services, which are skills that he has honed from the many trade courses and jobs that he has maintained prior to his incarceration, and that he has held during his incarceration."); ECF 418-2 (release plan submitted to warden in November 2021, stating he had "some jobs lined up doing carpentry which is [his] trade" and family support); ECF 428-4 (letters to the court from his daughter and friends, including a friend who writes: "I am willing to support Andre with all his basic needs and resources to help him with his re-entry to society"). The risk of recidivism or danger to the community appears relatively low.

After consideration of all the relevant factors, Mr. Addison's sentence will be reduced to 35 years. Specifically, his sentences on Counts One, Two, and Four each will be reduced to 420 months, concurrent, followed by a five-year term of supervised release on each count.

A separate Order follows.

Date:  December 23, 2024                BY THE COURT:

                                        /S/ CATHERINE C. BLAKE
                                        Catherine C. Blake
                                        United States District Judge